UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAVID L. HICKS, ET AL                    CIVIL ACTION NO. 12-cv-1548

VERSUS                                               JUDGE WALTER

CADDO PARISH ANIMAL CONTROL, ET AL     MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

       David Hicks ("Plaintiff") is a self-represented litigant who has filed several cases in this court over the past decades. None of them have proved to be meritorious, and many of them were frivolous. This civil action is directed at "Caddo Parish Animal Control" and the Shreveport Police Department, two agencies with whom Plaintiff cannot seem to get along. Plaintiff complains of how an animal quarantine matter was handled after one of his dogs bit a neighbor's child. The complaint is accompanied by a Motion for Temporary Restraining Order (Doc. 2) in which Plaintiff seeks relief including an order that the neighbors stop harassing him, stay off his property, stop talking to him, and the like. For the reasons that follow, it is recommended that the motion be denied and that the complaint be dismissed.

**The Allegations**

       Plaintiff alleges that his dog, Ellie, bit a neighbor's child. Animal Control officers advised Plaintiff that the dog would have to be put in quarantine even though its rabies vaccinations were current. The dog was quarantined from May 24 through June 3, 2012.

Plaintiff alleges that the officers returned on June 5, 2012 to take Curly, Ellie's identical sister, because a witness was not sure which of the dogs bit the child. Plaintiff alleges that he and a "neutral neighbor" know the difference between the dogs. He contends that Curly was in the house when the dog bite happened.

When officers attempted to take Curly, Petitioner reluctantly agreed to let them in the yard to get the dog, but Curly went under the house. Plaintiff alleges that he then fell, declared he was having a medical emergency, and the officers eventually left, apparently without Curly.

Plaintiff's complaint prays that the witnesses be questioned under oath, and the two juvenile witnesses be questioned separately from their parents. He also asks that if his dog is ordered into quarantine that she be returned without kennel cough and in good health. The Motion for Temporary Restraining Order contains similar allegations, but it focuses more on the poor relationship between Plaintiff and his neighbors.

**Analysis**

The federal courts are of limited jurisdiction. They do not have authority to resolve every dispute among neighbors or that a citizen might have with a decision made by local government officials. The only potential grounds on which this court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction or (2) federal question jurisdiction. The complaint does not specifically invoke either. The captions on Plaintiff's complaint and motion refer to the local state court, so perhaps he intended to file this action in that court.

It is fairly apparent that there is not diversity of citizenship given that all parties appear to be citizens of Louisiana. There is also no apparent basis for the exercise of federal question jurisdiction. The well-pleaded complaint rule requires the complaint to set forth a federally created right or require resolution of a substantial question of federal law. Plaintiff does not cite any federal laws that would provide him a cause of action under the facts alleged. The only potentially available claim would be a procedural due process violation against the local government officials that could be pursued under 42 U.S.C. § 1983. The hallmark principle of due process is that a deprivation of life, liberty, or property be preceded by notice and an opportunity for hearing appropriate to the nature of the case. Cleveland Board of Education v. Loudermill, 105 S.Ct. 1487, 1493 (1985). The complaint itself reveals that the officers involved heard from the witnesses with knowledge of the case before requesting only a temporary quarantine, not an actual permanent taking of any property. It is not even alleged in the complaint that the taking ever occurred. It appears that Plaintiff's medical emergency and other activities at the scene resulted in the dog not being taken before this action was filed. Plaintiff's only complaint about the process is that the witnesses should have been questioned under oath, with minors separated from their parents, before any quarantine. Plaintiff has not cited any authority that would require such a trial level degree of due process before a temporary quarantine of an animal who is suspected of biting a child, and the court is aware of none. Given the lack of a specific invocation of any federal law or the apparent presence of a non-frivolous federal claim, the court lacks subject-matter jurisdiction.

Accordingly,

**IT IS RECOMMENDED** that the **Motion for Temporary Restraining Order (Doc. 2)** be **denied** and that the complaint be **dismissed without prejudice** for lack of subject-matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of November, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE